E-filed 2/8/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD NORMAN STRILEY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>Defendant. | Case No.16-cv-07233-HRL<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |

Pending before the court is defendant United States Postal Service's ("USPS") motion to dismiss pro se plaintiff Richard Striley's ("Striley") complaint.  For the reasons described below, the court grants the motion to dismiss.

## BACKGROUND

Striley, who rents a Post Office Box at USPS Station 95102 in Castroville, California, filed a complaint against the USPS in Monterey County Superior Court.  Dkt. No. 1, Ex. 1.  His complaint alleges three claims against the USPS (or one or more of its employees): (1) the USPS unlawfully increased the rates for his post office box; (2) the USPS crammed his box full of advertising materials; and (3) the USPS failed to deliver an article of mail.[1]  *Id.*  Striley characterizes his first claim as one for negligence, as the USPS allegedly negligently failed to provide public notice for its rate changes, and his second as an intentional tort claim.  *Id.*  Regarding the second claim, Striley states that he had asked the USPS to stop over-stuffing his box, and that he had written a notice to a "contact number" to request that advertising materials no longer be delivered, but that "the service had not stopped."  *Id.*  For these grievances, Striley

_____

[1] The complaint specifically cites 39 U.S.C. Section 101(a) and its requirement that the USPS provide "prompt, reliable, and efficient" service, as well as 39 U.S.C. Sections 3622(d) (modern rate regulation) and 403 (general duties of the USPS).  *Id.*

United States District Court
Northern District of California

1    alleges $50,000.00 in damages.  *Id.*

2           Defendant USPS removed to federal court and subsequently filed a motion to dismiss

3    Striley's complaint.  Dkt. Nos. 1, 6.  The motion to dismiss challenges the court's subject matter

4    jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The USPS argues that it should be

5    dismissed with prejudice as an improper defendant under the Federal Tort Claims Act ("FTCA")

6    and that the United States should be substituted.  Further, the USPS argues that the complaint

7    should be dismissed as to the United States because (a) the plaintiff failed to exhaust

8    administrative remedies, and (b) because jurisdiction over Striley's claims—which the USPS

9    characterizes as service-related complaints—lies properly (and exclusively) with the Postal

10   Regulatory Commission.  Dkt. No. 6.  The USPS also asserts that Striley's third claim, regarding

11   mail delivery, should be dismissed because the United States has not waived sovereign immunity

12   for such claims.  *Id.*

13          In his opposition to the defendant's motion to dismiss, Striley voluntarily dismisses his

14   third claim regarding an alleged failure to deliver a package, "on the grounds that the mentioned

15   parcel was delivered."  Dkt. No. 9.  Striley admits that he "had not exhausted administrative

16   remedies prior to filing suit" and expresses interest in correcting this defect.  *Id.*  Striley also

17   argues that he had previously attempted to serve the Postal Regulatory Commission: after filing

18   his opposition, Striley filed a "Certificate of Service / Proofs of Service[ ]" asserting that on

19   November 1, 2016, he mailed a "Notice Before the Postal Rate Commission" containing the

20   substance of his complaint to the "U.S. Regulatory Commission" at the address for the Postal

21   Regulatory Commission.  Dkt. No. 13.  This certificate of service also asserts that in January 2017,

22   he served his complaint and summons upon the United States Attorney General (he previously

23   appears to have served the California Attorney General) and the US Attorney for the Northern

24   District of California.  *Id.*

25          As Striley has voluntarily dismissed his claim regarding the defendant's failure to deliver a

26   certain package, the court considers defendant's motion to dismiss with respect to the other two

27   claims.  Both parties have consented to magistrate judge jurisdiction.  Dkt. Nos. 5, 8.

28                                    **DISCUSSION**

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1    Rule 12(b)(1) motions to dismiss challenge a federal court's jurisdiction over the subject

2    matter of a plaintiff's complaint.  *See* Fed. R. Civ. P. 12(b)(1).  12(b)(1) attacks can be facial or

3    factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "In a facial attack,

4    the challenger asserts that the allegations contained in a complaint are insufficient on their face to

5    invoke federal jurisdiction.  By contrast, in a factual attack, the challenger disputes the truth of the

6    allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  In resolving a

7    factual attack, the court may consider evidence beyond the complaint and need not accept the

8    plaintiff's allegations as true.  *Id.*  In 12(b)(1) challenges, the party asserting federal subject matter

9    jurisdiction bears the burden of establishing its existence.  *Kokkonen v. Guardian Life Ins. Co. of*

10   *Am.*, 511 U.S. 375, 377 (1994).

11   When the court is evaluating a pro se complaint, it must construe the allegations liberally,

12   and dismissal of a pro se complaint without leave to amend is only proper if it is "absolutely clear

13   that no amendment can cure the defect."  *Murphy v. United States Postal Serv.*, No. C 14-02156

14   SI, 2014 WL 4437731 (N.D. Cal. Sept. 9, 2014) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9-10

15   (1980)).

16   As a sovereign, the United States (along with its agents) is immune from suit unless it has

17   waived sovereign immunity.  *Thompson v. United States Postal Serv.*, No. C12-0301 PJH, 2012

18   WL 3583134, at *2 (N.D. Cal. Aug. 20, 2012).  A district court thus lacks subject matter

19   jurisdiction over an action against the United States or its agents unless there is an explicit waiver

20   of sovereign immunity.  *Id.*  Such a waiver for certain tort claims against the United States is

21   contained in the Federal Tort Claims Act ("FTCA").  *Wilson v. Drake*, 87 F.3d 1073, 1076 (9th

22   Cir. 1996); *see* 28 U.S.C. § 1346(b).  The United States is the only proper defendant in an action

23   under the FTCA.  *Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998).

24   This is the case "despite the statutory authority of any agency to sue or be sued in its own name."

25   *Id.*

26   Because the United States is the only proper defendant in an FTCA action, the court must

27   dismiss the complaint as against the USPS with prejudice, and substitute the United States as the

28   defendant in its place.  *See Thompson v. United States Postal Service*, 2012 WL 3583134, at *3.

United States District Court
Northern District of California

1    The FTCA has a strict exhaustion requirement that must be satisfied before a plaintiff can

2    maintain an action in federal court.  *Freeman v. United States*, No. 13-cv-02421-WHO, 2014 WL

3    1117619, at *3 (N.D. Cal. Mar. 19, 2014).  To exhaust administrative remedies, a would-be

4    plaintiff must file a claim with the appropriate agency that includes "(1) a written statement

5    sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum

6    certain damages claim."  *Id.* (quoting *Cadwalder v. United States*, 45 F.3d 297, 301 (9th Cir.

7    1995)); 28 U.S.C. 2675(a).  Administrative remedies are exhausted when the agency either denies

8    the claim in writing or six months pass without a response.  *Id.*  Even if a plaintiff has filed a claim

9    with the appropriate body, if the agency has not issued a written denial or six months have not

10   passed, the court must dismiss the action for lack of subject matter jurisdiction.  *Jerves v. United*

11   *States*, 966 F.2d 517 (9th Cir. 1992).

12   Striley admits that he has not exhausted administrative remedies, but the court, in fairness

13   to a pro se litigant, will scrutinize his assertions regardless of this admission.  Striley asserts that

14   he attempted to file a notice of his complaint with the Postal Regulatory Commission in November

15   of 2016.  This is insufficient, however, as he does not allege that he has received a written

16   response and six months have not passed.  Striley's complaint also alleges that, with respect to his

17   claim related to overstuffing his post office box, he had written a notice to a contact number to

18   request that advertising materials no longer be delivered to his box, but that the service had not

19   stopped.  Striley does not allege when this written notice occurred, whether he received a written

20   denial, or whether six months have passed since.  Additionally, the USPS has filed a declaration

21   stating that its databases did not reveal the existence of an administrative tort claim filed by the

22   plaintiff.  Striley has not carried his burden of establishing that he has exhausted administrative

23   remedies under the FTCA, and thus, if the plaintiff's claims are, in fact, tort claims, the court lacks

24   subject matter jurisdiction and must dismiss the complaint.

25   The federal defendant asserts, however, that Striley's claims are more accurately

26   characterized as service- and rate-related complaints.  Under 39 U.S.C. Section 3662, the Postal

27   Regulatory Commission has exclusive jurisdiction over such complaints.  *See also LeMay v.*

28   *United States Postal Serv.*, 450 F.3d 797, 799-801 (8th Cir. 2006) ("Congress removed the district

courts' jurisdiction over claims regarding postal rates and services" by enacting 39 U.S.C. § 3662); *Murphy v. United States Postal Serv.*, No. C 14-02156 SI, 2014 WL 4437731 (N.D. Cal. Sept. 9, 2014) (dismissing a service-related claim with prejudice for lack of subject matter jurisdiction).

The court is persuaded that Striley's claims are rate- and service-related.[2]  Striley is, in effect, dissatisfied with the rates he is being charged for a postal service (his post office box), and he is dissatisfied with aspects of the service he is receiving (he alleges that the box is overstuffed). As such, Striley must file his complaint before the Postal Regulatory Commission.  This court lacks subject matter jurisdiction and must dismiss the complaint.

## CONCLUSION

The court grants the defendant's motion to dismiss.  Because amendment would not cure the jurisdictional defects present in the complaint, the court denies leave to amend.

**IT IS SO ORDERED.**

Dated: 2/8/2017

HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

---

[2] The sections Striley cites in his complaint—39 U.S.C. Sections 101(a), 403, and 3622(d)—all fall under Section 3662's (and thus the Postal Regulatory Commission's) ambit.  Additionally, the court is persuaded that Striley's claims are related to these sections and others cited in Section 3662.  *See* 39 U.S.C. § 101(a) ("It [the Postal Service] shall provide prompt, reliable, and efficient services to patrons . . .); 39 U.S.C. § 101(d) ("Postal rates shall be established to apportion the costs of all postal operations to all users of the mail on a fair and equitable basis."); 39 U.S.C. § 403 ("The Postal Service shall plan, develop, promote, and provide adequate and efficient postal services at fair and reasonable rates and fees.").